GUARANTEE TITLE & TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6063. Promulgated February 8, 1928.

*Stanley Spurrier*, *C. P. A.*, for the petitioner.
*A. H. Fast*, *Esq.*, for the respondent.

600

LANSDON: The respondent attacks the *bona fides* of the sale and repurchase of bonds as recited in our findings of fact, and contends that when such sale was made there was an agreement for repurchase. He admits, however, that if there was an actual sale, even though for the sole purpose of realizing a loss and reducing tax liability, that the petitioner was within its legal rights, and that the deduction claimed should be allowed.

The petitioner concedes that the sale was made for the purpose of realizing a loss which it had sustained in the shrinkage of the value of the bonds in question, and that it made the sale for the purpose of reducing its tax liability for the year in question, and accepts the burden of proof that the sale was *bona fide* and not a mere " wash " transaction.

The evidence is conclusive that the sale was made and payment received on December 31, 1920, that there was no repurchase agreement, and that the title to the bonds rested unconditionally in the purchaser from the date of the sale until January 5, 1921, the date of the repurchase. On this record we are of the opinion that the *bona fides* of the transaction is established, and that the loss sustained, in the amount of $11,732.45, is deductible from the petitioner's gross income for the taxable year. *Appeal of The Pennsylvania Co. for Insurance on Lives and Granting Annuities, Executor,* 2 B. T. A. 48; *Appeal of Benjamin T. Britt,* 2 B. T. A. 53.

Our findings of fact, above, settle the controversy over the respondent's addition of $1,069.95 to the income of the petitioner. Nothing more than a matter of accounting is involved in this question. This amount was not income. The deductible loss from the transaction is as set forth above.

Reviewed by the Board.

*Judgment will be entered on 10 days' notice, under Rule 50.*